(No. 4622- 

NATIONAL KORECTAIRE COMPANY, AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1956.*

ARTHUR H. RENIER, Attorney for Claimant.

LATHAM CASTLE, Attorney General; BERNARD GENIS, Assistant Attorney General, for Respondent.

FEARER, J.

Claimant filed its complaint based on two contracts entered into with respondent, the first contract being No. 67556, dated August 12, 1952, for the furnishing of labor and materials for the replacement of steam and hot water mains at the Illinois State Penitentiary, Menard, Illinois.

The total amount of the contract was $41,571.00, as represented by the bill of particulars set forth in paragraph 4 of the complaint. The sum of $27,273.95, has been paid on said contract, and an amount of $14,297.05 remains unpaid.

There is also joined in said complaint a second claim on contract No. 67880, dated April 16, 1953, a copy of which is attached to the complaint, made a part thereof, and marked claimant's exhibit No. 3. This contract is for the furnishing of the labor and materials necessary to install new regulators for the existing boilers, complete with new piping, valves, etc., at the Illinois State Penitentiary, Menard, Illinois. The contract price was $2,992.00. There have been no payments made on this contract.

The two contracts were joined in this complaint in accordance with Rule 4a of this Court. The total amount due on both contracts is $17,289.05.

No answer was filed by respondent, so a general traverse will be considered in accordance with Rule 11 of this Court.

At the time of the hearing the pertinent facts of the case were stipulated to by and between the parties hereto, through their respective counsel. From the stipulation and the testimony offered by claimant, it appears that claimant fully complied with the contracts, and presented bills for the services rendered in accordance therewith. Certain payments were made on contract No. 67556, and the balance set forth is true and correct. No payments were made on the second contract.

It further appears that the work performed and materials furnished by claimant were satisfactory, and that the contracts were authorized by respondent, and

approved by the Governor of the State of Illinois. The Department of Public Works and Buildings, by its Supervising Architect, represented that both contracts were fully complied with, as indicated in a letter, signed by the Supervising Architect, dated February 10, 1954, a copy of which is marked claimant's exhibit No. 2. It appears from the stipulation and claimant's exhibit No. 2 that claimant complied with all of the terms and conditions of the contracts; that the work was inspected and approved by the agent for respondent; and, that the appropriation lapsed before final payments were made.

It further appears that there were sufficient funds in the appropriation made by the 67th General Assembly to pay the amount due and owing on both contracts, and that there were sufficient unexpended funds remaining in the appropriation at the time it lapsed on September 30, 1953. Further, it appears that the balances due on said contracts were not paid, because of the lapse of the appropriation before the balances due were properly certified for payment, and vouchers forwarded to the Auditor of Public Accounts for payment.

It further appears on the contract referred to in the complaint as exhibit No. 3 that no payments were made, and that the sum owing is $2,992.00. On claimant's exhibit No. 1, there is a balance due of $14,297.05.

Testimony was offered by claimant's witness, Alfred H. Blaker, Secretary-Treasurer of the claimant company, as to the materials and labor used, and the reasonableness of the contract. This conforms to the bill of particulars in the complaint.

In its complaint, claimant also sought an award for damages, interest and attorneys' fees, in addition to the balances due under the contracts. However, at the time

of the trial, claimant waived any right to such damages, interest and attorneys' fees.

A stipulation was entered into waiving briefs and arguments. The only question we now have to pass upon is whether or not an award can be made for the balance due on the contracts where the appropriation has lapsed before said balances were properly certified for payment, and before the properly certified vouchers were forwarded to the Auditor of Public Accounts for payment.

This Court has had occasion to pass upon this same question in the case of *White Electric Company, A Corporation,* vs. *State of Illinois,* case No. 4663, opinion filed on November 8, 1955. It has been the opinion of this Court that where contracts, such as those in question, were properly entered into, services performed and materials furnished in accordance with such contracts, the charges therefor were proper, the work properly performed and passed upon by the agents for respondent, and nothing remained to be done except to pay the balance due thereon, then, if there were funds available at the time the contracts were entered into, if there were funds available with which to pay the balance due on the contracts at the time the appropriation lapsed, and no further funds had been appropriated, this Court would enter an award for the balance due as represented by stipulations, testimony and Departmental Reports.

Awards are, therefore, made to claimant, National Korectaire Company, An Illinois Corporation, in the amounts of $14,297.05 on contract No. 67556, and $2,992.00 on contract No. 67880, or a total sum of $17,289.05.